# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTAN DIAZ-CRUZ, | : | Civil No. 1:11-CV-1302 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| TED WILLIAMS, et al., | : | |
| Defendants | : | |

## MEMORANDUM ORDER

## I. INTRODUCTION

The plaintiff, now aided by the appointment of *pro bono* counsel, has moved for leave to file a second amended complaint in this case, which will be the plaintiff's first pleading filed with the assistance of counsel. Defendant John T. Symons, the only party opposing the motion, argues that the motion should be denied because permitting a second amended complaint in this case would allegedly "deny him the right to a just, speedy and inexpensive determination of the claims he is defending." (Doc. 93.)

While we are mindful of the costs of litigation, and recognize the importance of prompt and fair resolution of disputes, we also understand that Rule 15 clearly favors the amendment of pleadings to ensure that parties are able to fairly resolve all

aspects of the disputes pending between them. Guided by the dictates of the rule, we do not find that the proposed amended complaint is unfairly prejudicial, untimely, or otherwise futile. Moreover, we are confident that the interests of justice in this case, and the interest of fairness to all parties, can best be met by permitting the plaintiff to file a second amended complaint with the benefit of trained legal counsel, and to set an appropriate pre-trial schedule for the litigation of the plaintiff's claims. Accordingly, the motion for leave to amend will be granted.

II. **BACKGROUND**

The plaintiff, Kristan Diaz-Cruz, an inmate in the custody of the Pennsylvania Department of Corrections housed at SCI-Rockview, commenced this action *pro se* on July 13, 2011. In the original complaint, Diaz-Cruz, brought claims against several defendants, most of whom are employees with the Pennsylvania Department of Corrections (the "Corrections defendants"), as well as against Dr. Symon, a physician-employee of a medical provider under contract with the Commonwealth at the times relevant in the complaint. Generally, the plaintiff's complaint alleged that the individual defendants violated his rights under the Eighth Amendment to the United States Constitution through their deliberate indifference to his serious medical needs resulting from glaucoma, which affects the plaintiff's only remaining eye. (Doc. 1, Compl., ¶¶ 4-5.)

The Corrections defendants moved to dismiss the complaint on the grounds the complaint failed to state a claim (Doc. 17.), and the plaintiff thereafter moved for leave to file an amended complaint (Doc. 28.), which the court granted, (Doc. 29.). Thereafter, on September 21, 2011, the plaintiff filed his first amended complaint. (Doc. 31.) As with the original complaint, the plaintiff prepared and filed the amended complaint without the assistance of counsel, as he was continuing to proceed *pro se* at that point in the litigation. Defendants Marirosa Lamas, Jeffrey Rackovan, Sergeant Rogers, and Ted Williams, all of whom are employees or the Department of Corrections, moved to dismiss the amended complaint on November 21, 2011. (Doc. 46.) Dr. Symons, answered the amended complaint on December 22, 2011, after the court denied his separately filed motion to dismiss without prejudice. (Doc. 55, 56.)

Upon consideration of the amended complaint and the Corrections defendants' motion to dismiss, we issued a report and recommendation which recommended that the motion be granted with respect to defendants Williams, Rackovan, and Lamas, but denied as to defendant Rogers. (Doc. 57.) On April 12, 2012, the district court entered an order adopting the report, and dismissing defendants Williams, Rackovan, and Lamas. On April 27, 2012, defendant Rogers answered the amended complaint. (Doc. 66.)

During the early stage of litigation of this action, the plaintiff had also sought the appointment of counsel. (Doc. 58.) On June 27, 2012, following adjudication of the threshold dispositive motions and the filing of answers by the remaining defendants, we entered an order conditionally granting the plaintiff's motion (Doc. 69.), and we requested that the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association attempt to identify counsel willing to accept an appointment in this case, (Doc. 70.). Counsel was subsequently identified, and entered their appearances on August 3, 2012. (Docs. 74-76.)

Thereafter, on March 21, 2013, following the issuance of a case management order, the plaintiff, now represented by counsel, filed the motion pending before the court, seeking leave to file a second amended complaint. (Doc. 89.) In support of the motion, counsel represent that since their entry into the case, they have worked diligently to obtain the plaintiff's medical records, and to identify a qualified medical expert willing to work *pro bono*, review the plaintiff's records, and provide an expert opinion in this case. Counsel represent that they have succeeded in identifying a willing expert, and on the basis of this newfound expert's opinion, the plaintiff represents that he has new claims that wishes to pursue in this action, and which he was unable to discovery previously, despite his own best efforts. The proposed amended complaint would add seven new parties, and alleges claims dating back to

4

June 8, 2009, based upon alleged medical malpractice of a Dr. Gessner, which allegedly resulted in a central retinal vein occlusion diagnosed in September 29, 2009. (Doc. 89-3, at p. 9, ¶ 64.)

The Corrections defendants neither concurred in, nor opposed, the plaintiff's motion. However, defendant Symons, a physician employed by, or under contract with PHS Correctional Healthcare, did oppose the motion, and asserted that granting the motion would "necessarily deny him the right to a just, speedy and inexpensive determination of the claims he is defending." (Doc. 93.) Defendant Symons also argues that the new claims sought to be added against new defendants should not be joined in this action against Dr. Symons, notwithstanding the fact that these claims all allegedly relate to the plaintiff's alleged medical problems and deficiencies in his care. Defendant Symons also expresses concern that if the court permits the joinder of additional parties, the scope of discovery in this action will be significantly broadened, and the ultimate resolution of the claims brought against Dr. Symons in July 2011 will be delayed.

Upon consideration, and for the reasons briefly explained below, we find that the motion to amend the complaint should be granted. In our assessment, defendant Symons's concerns regarding the pace of this litigation, and the potential for prejudice in this case, are either unduly speculative, or are substantially outweighed

by the countervailing interest in having the plaintiff's claims fairly presented, and adjudicated, in this proceeding, in which the plaintiff only recently secured *pro bono* counsel to assist him.

## III. DISCUSSION

Rule 15(a) provides that a party may only amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading, or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent, or with leave of the court. Fed. R. Civ. P. 15(a)(2). The rules provide that courts should freely grant leave to amend "when justice so requires." Id.

The Third Circuit Court of Appeals has taken a liberal approach to granting leave to amend pleadings, observing that leave should be granted freely in order to ensure that a particular claim is decided on "the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990). Nevertheless, a district court retains discretion in deciding whether to grant or deny a party's request to amend its pleading, Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000, and may deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment

6

would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Third Circuit has instructed that "undue prejudice is 'the touchstone for the denial of leave to amend.'" Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) (quoting Cornell and Company, Inc. v. Occupational Safety and Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978)) (further citations omitted); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). In order to show undue prejudice, the party opposing a motion to amend bears the burden of showing that it will be "unfairly disadvantaged or deprived of the opportunity to present facts of evidence" unless leave to amend is denied. Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). The issue of prejudice requires a court to examine the hardship to the objecting defendant if amendment were permitted. See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). In such cases, the Third Circuit has considered whether allowing an amendment would result in additional discovery, cost, and preparation in order to defend against new facts or new legal theories. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). Compare Adams, 739 F.2d at 869 (no prejudice because no new facts or additional discovery required) with Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 655 (3d Cir. 1998) (finding that duration of case and substantial effort and expense in resolving underlying motion to

dismiss could constitute delay or prejudice) and Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823-24 (3d Cir. 1978) (finding significant prejudice because proposed amendment would have changed the legal and factual basis of the claim, and would have prevented the defendant from presenting a defense).

In the absence of undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) ((citing Foman, 371 U.S. at 182). Delay alone is not sufficient to justify denial of leave to amend. See Arthur v. Maersk, Inc., 434 F.3d at 204. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (quoting Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). In this regard, "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Cureton, 252 F.3d at 273 (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (three year lapse between filing of complaint and proposed amendment was unreasonable delay where the plaintiff had numerous earlier opportunities to amend);

see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998) (denying proposed second amended complaint where the plaintiffs were repleading facts that could have been pled earlier).

With these factors in mind, the motion for leave to file a second amended complaint will be granted, and defendant Symons's objection to this request will be overruled. As a threshold matter, we do not embrace defendant Symons's bare assertion that he will face undue prejudice if the motion is granted, or that he will be deprived of his asserted right to obtain a fair and just resolution of the claims brought against him. As the plaintiff observes, there is no obvious prejudice to Dr. Symons or to any other defendant in this case, since the people involved in this matter remain available, and evidence relating to the incidents in this case is still discoverable by any party. Defendant Symons will not be prevented from offering any defense to the claims against him in this case by virtue of the proposed amended pleading.

Moreover, the facts of this case reveal no undue delay. The plaintiff commenced this action *pro se*, as an incarcerated inmate with a significant medical impairment. He represented that he lacked the legal sophistication necessary to appreciate the implications of failing to amend his complaint sooner, and he lacked access to a qualified medical expert (as well as an appreciation for the need for such), thereby precluding him from discovering the existence of certain claims. Upon

9

counsel's entry of their appearance, it appears that they acted promptly to obtain and review the plaintiff's medical records, and thereafter to bring the pending motion for leave to amend, which was filed less than two years after the case was first commenced.

We perceive no clear prejudice to the defendant, much less an undue prejudice that could support denying the plaintiff's request to amend. We similarly do not find any indication that the plaintiff engaged in tactical delays or otherwise acted with any dilatory motive in this case, or in bringing the pending motion. Likewise, we do not find any indication of bad faith on the plaintiff's part, and we do not find that it would be clearly futile to permit the requested amendment; in fact, defendant Symons does not make such arguments in his brief.[1] In short, the requirements of Rule 15 are

---

[1] The plaintiff has asserted a number of other arguments in support of his motion, including that the discovery rule permits the amendment, that the doctrine of fraudulent concealment permits it to be filed, and that the new claims all relate back to the original complaint. Because we have found that the only defendant opposing the motion to amend will not be unduly prejudiced by the filing of a second amended complaint, and because we do not find any other persuasive reason to deny the motion to amend, we decline to address the plaintiff's assertions that the claims alleged in the second amended complaint are timely or necessarily relate back to the original complaint. It is possible that a new defendant may challenge some or all of the new claims on one or both of these grounds, and we find it would be inappropriate to address these asserted justifications for the amendment at this point.

satisfied in this case, and the motion for leave to file a second amended complaint will be granted.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED THAT the motion for leave to file a second amended complaint (Doc. 89.) is GRANTED. The Clerk of Court shall docket the second amended complaint (Doc. 89-3.) as a standalone entry on the docket of this case, and the plaintiff shall ensure that any party named as a defendant in the second amended complaint is properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge