IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTAN DIAZ-CRUZ** | : | |
| | : | Civil No. 1:11-CV-1302 |
| Plaintiff | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TED WILLIAMS, et al.,** | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.   Statement of Facts and of the Case**

The plaintiff in this case, Kristan Diaz-Cruz is a prisoner, who is currently held by the Pennsylvania Department of Corrections. According to the well-pleaded facts in Diaz-Cruz's second amended complaint, he has experienced a chronic medical condition, diabetes, since 2000. (Doc. 101, ¶31.) Diaz-Cruz has also experienced vision problems since 2007, beginning with the loss of vision in his right eye and a decline in visual acuity in his left eye. (Id., ¶¶35,36.)

On June 8, 2009, Diaz-Cruz was incarcerated at the Berks County Prison. Id., ¶39.) He remained housed at that facility until February 9, 2010, when he was transferred to state custody. (Id., ¶67.) Diaz Cruz also avers that by September 29,

2009, while housed at this prison, he was diagnosed with a central retinal vein occlusion, the principal medical complaint which he now alleges in his second amended complaint. (Id.,¶ 64.)

Diaz-Cruz was then transferred to state custody on February 9, 2010, and was housed at the State Correctional Institution (SCI) Rockview. (Id., ¶¶67-68.) While at SCI Rockview Diaz-Cruz continued to persistently complaint about his vision problems and diabetes, medical issues that he alleges were ignored by the defendants at SCI Rockview. (Id., ¶¶69-88.) Thus, the gravamen of the plaintiff's complaint is that medical staff at SCI Rockview were deliberately indifferent to this serious medical condition throughout 2010, until July 13, 2011, when Diaz Cruz was sufficiently dissatisfied with this care that he filed the instant federal civil rights lawsuit. (Id.)

While Diaz-Cruz's claims appear to relate exclusively to the medical treatment he received at SCI Rockview, he has alleged that this treatment was provided by SCI Rockview medical personnel "in cooperation with, and/or under the direction or supervision of, defendants Peter Binnion, MD, and Theodore Vourstad, MD." (Id., ¶68.)  Thus, the lynchpin of Diaz-Cruz's claims against defendants Binnion and Voorstad is that they participated in, directed and supervised his medical care at SCI Rockview.

Defendants Binnion and Voorstad have now filed a motion to dismiss, or in the alternative for summary judgment, which directly challenges this factual premise. (Doc. 155.) In support of this motion the defendants have submitted a statement of undisputed facts which reveals that at all times material to the instant action, Dr. Peter Binnion was employed as the Medical Director at SCI-Camp Hill, and Dr. Theodoor Voorstad was employed as a physician at SCI-Camp Hill. Dr. Binnion and Dr. Voorstad were part of a team who provided general medical care and treatment to the Plaintiff at SCI-Camp Hill immediately prior to and following eye surgery done in April 2012. However, at no time material to this action were either Dr. Binnion or Dr. Voorstad involved in the medical treatment and care of Diaz-Cruz at SCI-Rockview. (Doc. 155, ¶¶ 4-10.)

Plaintiff's counsel has now responded to this motion, which alleges that these defendants did not participate in his care and treatment at SCI Rockview by candidly acknowledging that: "While undersigned counsel is not in a position to concur in the Motion, based on representations made by these Defendants in their affidavits, Plaintiff does not have any contrary evidence to submit." (Doc. 161.)[1] Accordingly,

---

[1]We note that the plaintiff's current counsel was not the counsel who fashioned the amended complaint which is challenged by the defendants in this motion. We commend current counsel for his candor in responding to this motion.

on these undisputed facts it is recommended that defendants Binnion and Voorstad be dismissed from this action.

## II. Discussion

### A. Summary Judgment–Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). For purposes of Rule 56, a fact is material if proof of its existence of nonexistence might affect the outcome of the suit under the applicable substantive law. Haybarger v. Laurence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence

supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. (quoting Anderson, 477 U.S. at 248-49).

Accordingly, in support of a motion for summary judgment, the moving party must show that if the evidence of record were reduced to admissible evidence in court, it would be insufficient to allow the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 323 (1986). Provided the moving party has satisfied this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and may not rely upon the allegations or denials of its pleadings. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007); see also Fed. R. Civ. P. 56(c).

### B. Defendants Binnion and Voorstad are Entitled to Summary Judgment

In the instant case, defendants Binnion and Voorstad have moved for summary judgment, arguing that the plaintiff has failed to state a claim upon which relief may be granted, since Diaz-Cruz's deliberate indifference claims relate to medical

treatment which he received at SCI Rockview, and it is undisputed that these physicians, who work at SCI Camp Hill, never played any role in this treatment which lies at the heart of this lawsuit.

In advancing this argument the defendants rely upon a familiar tenet of constitutional law. It is well-settled that to state a constitutional tort claim the plaintiff must show that the defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). In this regard, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Thus, to sustain a §1983 claim "[p]ersonal involvement must be alleged *and is only present where the [defendant] directed the actions of supervisees or actually knew of the actions and acquiesced in them.* See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006)(emphasis added). In sum, as the Supreme Court has observed:

6

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs*.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). *Because vicarious liability is inapplicable to* Bivens *and § 1983 suits, a plaintiff must plead [and prove] that each Government-official defendant, through the official's own individual actions, has violated the Constitution.*

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)(emphasis added.)

In this case, we find that Drs. Binnion and Voorstad have carried their initial burden of proving that they are entitled to summary judgment because this essential element of a constitutional tort claim, personal involvement in alleged wrongdoing, is totally lacking as to them.  Under Rule 56 once the moving parties have carried this initial burden of proof, it is incumbent upon Diaz-Cruz to respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and Diaz-Cruz may not rely upon the allegations or denials of its pleadings to meet this burden. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007); see also Fed. R. Civ. P. 56(c).

Confronted with this burden, Diaz-Cruz, through his current counsel candidly admits that "While undersigned counsel is not in a position to concur in the Motion, based on representations made by these defendants in their affidavits, plaintiff does not have any contrary evidence to submit." (Doc. 161.) Therefore, we find on these undisputed facts that defendants Binnion and Voorstad have shown that they are entitled to summary judgment in their favor since it is entirely uncontested that they had no personal involvement in the care at treatment received by the plaintiff at SCI Rockview, the medical matters which lie at the heart of this Eighth Amendment claim.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss or in the alternative for summary judgment (Doc. 155.) be GRANTED and defendants Binnion and Voorstad should be DISMISSED from this action.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of August, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
