IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTAN DIAZ-CRUZ,** | : | Civil No. 1:11-CV-1302 |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Carlson) |
| **DR. SYMONS, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

The plaintiff, Kristan Diaz-Cruz, an inmate in the custody of the Pennsylvania Department of Corrections housed at SCI-Rockview, commenced this action *pro se* on July 13, 2011. In its most recent form, in this lawsuit Diaz-Cruz was suing Dr. John Symons and Ted Williams, alleging that these defendants violated his rights under the Eighth Amendment to the United States Constitution through their deliberate indifference to his serious medical needs resulting from glaucoma, and negligently failed to provide the plaintiff with adequate vision care. In addition, Diaz-Cruz alleged that a third defendant, Sergeant Thomas Rogers, retaliated against him for filing grievances and complaints by denying him access to medication on two

occasions and by transferring him to another cell within the prison. Recently, we entered an opinion and order which found that Diaz-Cruz's medical claims now fail and that defendants Symons and Williams were entitled to summary judgment in their favor on those claims. As for Diaz-Cruz's retaliation claim, we found that this claim was still bound and defined by factual disputes which are not amenable to a summary judgment resolution. Therefore, the summary judgment motion of defendant Rogers was denied. (Docs. 218 and 219.)

Defendant Rogers has now filed a motion to reconsider this ruling. (Docs. 220, 221.) Rogers' motion stems from a misapprehension regarding the basis for our ruling. Noting that our 47-page opinion at one juncture referred to the unsworn allegations in Diaz-Cruz's second amended complaint that related to Sergeant Rogers, the defendant argues that these unsworn allegations may not form the basis for a factual dispute which would defeat a motion for summary judgment. Because the defendant erroneously believed that our decision rested upon a comparison of the averments in the amended complaint with defendant Rogers' deposition testimony, we were invited to reconsider our prior ruling.

We will decline this invitation. While we agree that allegations in a complaint cannot create a dispute as to material issues of fact which would defeat a summary judgment motion, our ruling did not rest upon the allegations set forth in Diaz-Cruz's

second amended complaint. Rather, we relied upon sworn declarations provided by Diaz-Cruz, affidavits which we believe are competent proof in summary judgment proceedings. (Doc. 208.) Yet, while the defendant's motion rests upon this factual misapprehension, we believe that it is worthwhile to clarify any lingering uncertainty created by our prior ruling. Therefore, we will DENY this motion to reconsider (Doc. 220.), but provide the parties with this postscript to that prior opinion.

## II. STATEMENT OF FACTS AND OF THE CASE

As it relates to the retaliation claim brought against Sergeant Rogers, which is the sole claim that is the subject of this motion to reconsider, our prior opinion began by briefly outlining the well-pleaded facts alleged by Diaz-Cruz in his second amended complaint. (Doc. 101, ¶¶92-108.)

This recital, however, was not the basis of our finding that there was a dispute of fact in this case which precluded summary judgment. Rather, this recital simply formed the prelude for our discussion of the countervailing evidence that was presented to us in the summary judgment pleadings. On this score, we went on to describe the state of factual record in the following terms:

> [T]he factual record presently before the court is marked by sharply defined conflicts. For his part, Diaz-Cruz alleges that he placed Sergeant Rogers on notice of his litigation and grievance activities at the time of this alleged retaliation; that Sergeant Rogers denied him access to medication and forced a cell move in retaliation for Diaz-Cruz's

3

> petitioning activity; and that one of his grievances against Sergeant Rogers was upheld, in part, in that correctional officials found that the sergeant had unreasonably denied him access to medication. Diaz-Cruz further described statements attributed to Sergeant Rogers which could be construed as confirming a retaliatory motive of the sergeant's part, including an allegation that the sergeant moved Diaz-Cruz to another cell after telling him this is what happens to people who file lawsuits. (Doc. 208.)
>
> In contrast, Sergeant Rogers denied both the conduct attributed to him, as well as the motives and statements ascribed to him for that conduct. (Doc. 198-B.) Thus, Diaz-Cruz's retaliation claims proceeds forward on these sharply cast factual disputes.

(Doc. 218, p. 11.)

While it is now apparent in hindsight that our reference to Doc. 208 as the basis for our finding of a factual conflict was not as clear as it could have been, we note for the parties that this record citation refers to Diaz-Cruz's response to the defendants' summary judgment motion.  That response includes, among other things, a factual recital by Diaz-Cruz which paralleled the assertions made by his second amended complaint relating to Sergeant Rogers.  This pleading was also replete with multiple affidavits executed by Diaz-Cruz, all of which attested to the truthfulness and accuracy of the factual averments which he made in his response in opposition to this summary judgment motion.  Therefore, liberally construing this pleading we found that it contained affidavits executed by the plaintiff attesting to his version of these events, along with copies of prison records which confirmed at least portions of Diaz-

Cruz's account of events. It was this affidavit, and accompanying exhibits, which led us to conclude that there remained a disputed issue of fact in this case, and not as the defendant suggests the allegations in the second amended complaint.

### III. DISCUSSION

**Motion to Re-Consider–The Legal Standard**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, defendant Rogers has moved to reconsider our prior summary judgment ruling, which denied his motion for summary judgment, because he believed that we had found a factual conflict based solely upon a disparity between the allegations in Diaz-Cruz's second amended complaint, and defendant Rogers'

deposition testimony. We agree that "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment," <u>Countryside Oil Co., Inc. v. Travelers Ins. Co.</u>, 928 F.Supp. 474, 482 (D.N.J.1995), and "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." <u>Gans v. Mundy</u>, 762 F.2d 338, 341 (3d Cir. 1985) However, it is also clear that the court must "consider all evidence in the light most favorable to the party opposing the motion." <u>A.W. v. Jersey City Pub. Schs.</u>, 486 F.3d 791, 794 (3d Cir. 2007).

This is what we have done in this case. We have not relied upon the allegations in Diaz-Cruz's second amended complaint in reaching our conclusions regarding the existence of disputed material facts in this case. Quite the contrary, we have focused on Diaz-Cruz's response to the summary judgment in reaching that conclusion. That response contained factual declarations made by the plaintiff that were specific, detailed and attested to under oath. It also include prison grievance records which tended to support part of Diaz-Cruz's factual narrative since prison officials appear to have agreed that Sergeant Rogers should not have curtailed the plaintiff's access to medical care on one occasion in September of 2011. This affidavit and these exhibits in our view were competent evidence which the court

7

could consider at summary judgment, and this competent evidence led us to conclude that there remained material factual disputes as to this particular legal claim.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, defendant Rogers' motion to reconsider (Doc. 220.) is DENIED, but recognizing the good-faith concerns which motivated defendant Rogers to file this motion, we provide all parties with this postscript to our prior opinion explaining in greater detail the factual basis for this ruling.

So ordered this 27th day of October 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
